UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case: 25cv341



AMY BETTS, individually and on behalf of all others similarly situated,
Plaintiffs,

v.

STEPHEN BRETT ARMSTRONG,

LEEANNE QUATTRUCCI,

JUDGE MELINDA CROUCH,

LYNDSAY RICHARDSON, COURT COORDINATOR

STATE ACTORS OF NORTH CAROLINA, AND JOHN DOES 1–10,
Defendants.

---

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1983, 1985, 1986; AMERICANS WITH DISABILITIES ACT (ADA); VIOLENCE AGAINST WOMEN ACT (VAWA)
DEMAND FOR JURY TRIAL

---

I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and supplemental jurisdiction under § 1367. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District.

II. PARTIES

Plaintiff AMY BETTS is a natural parent and citizen of North Carolina. She asserts violations of her constitutional and statutory rights in both personal and representative capacities.

Defendants include:

- STEPHEN BRETT ARMSTRONG: private actor who participated jointly with state officials;
- LEEANN QUATTRUCCI: attorney acting under color of law;
- JUDGE MELINDA CROUCH: judicial officer alleged to have acted in excess of jurisdiction;
- LYNDSAY RICHARDSON: court coordinator who obstructed access to civil court filing;
- STATE ACTORS: employees and contractors of the North Carolina judiciary;

- JOHN DOES 1–10: unidentified individuals who aided in or failed to prevent violations of Plaintiff's rights.

### III. FEDERAL QUESTIONS PRESENTED

1. Whether state court personnel may misclassify a civil rights filing as a family law matter to evade federal review, without violating the First and Fourteenth Amendments.
2. Whether enforcement of a custody order issued without jurisdiction, service, or notice constitutes a continuing due process violation.
3. Whether court administrators and coordinators are entitled to judicial immunity for administrative docket management and case reassignment acts.
4. Whether the use of a void custody order to justify arrest, parental separation, and denial of court access violates established constitutional rights under § 1983, § 1985, and § 1986.

### IV. FACTUAL ALLEGATIONS

1. On June 4, 2014, New Hanover County District Court entered a custody order under Case No. 13CVD2849. At the time, Plaintiff and her child did not reside in New Hanover County.
2. Plaintiff was never lawfully served and/or did not make a general appearance, nor did she receive notice of or attend any hearing. The custody order was entered ex parte without jurisdiction or due process.
3. The 2014 order is void ab initio under Pennoyer v. Neff, 95 U.S. 714 (1878), Windsor v. McVeigh, 93 U.S. 274 (1876), and Burns v. Windsor Ins. Co., 509 S.E.2d 451 (N.C. Ct. App. 1998).
4. In April 2025, Plaintiff e-filed a civil action in New Hanover County seeking declaratory relief, asserting constitutional violations, and demanding a jury trial.
5. Despite the filing being a new civil matter, the clerk returned it for Family Court Office review. Court coordinator Lyndsay Richardson subsequently misclassified the complaint as a custody dispute, labeled Plaintiff a "defendant," appointed counsel, and scheduled hearings.
6. These actions constitute administrative obstruction and retaliation. They violated Plaintiff's right to access court under Boddie v. Connecticut, 401 U.S. 371 (1971), and procedural due process under Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).
7. The original custody order has been used repeatedly to justify arrest and interfere with Plaintiff's parental rights. This includes an extrajudicial seizure of her child.
8. Defendants acted jointly, knowingly, and with retaliatory purpose. Judicial immunity does not apply. See Forrester v. White, 484 U.S. 219 (1988); Cleavinger v. Saxner, 474 U.S. 193 (1985).
9. In Williams v. Reed, 598 U.S. ___ (2025), the U.S. Supreme Court held that misuse of void court orders and administrative obstruction of constitutional filings are actionable under § 1983 and not barred by judicial immunity or abstention.

## V. PREEMPTION OF IMMUNITY AND ABSTENTION

1. Plaintiff's claims do not seek appellate review of a state decision and are thus not barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Great W. Mining, 615 F.3d 159.
2. Judicial immunity is not available to state officers performing administrative functions. See Forrester, 484 U.S. 219.
3. Younger abstention does not apply to void orders, bad-faith prosecutions, or systemic bias. See Mitchum v. Foster, 407 U.S. 225 (1972).

## VI. CAUSES OF ACTION

Count I — Violation of Due Process and Equal Protection (42 U.S.C. § 1983) Count II — Denial of Access to Court (42 U.S.C. § 1983) Count III — Civil Rights Conspiracy (42 U.S.C. § 1985) Count IV — Failure to Prevent Civil Rights Violations (42 U.S.C. § 1986) Count V — Disability Discrimination (Title II, ADA) Count VI — Gender-Based Discrimination and Retaliation (VAWA)

## VII. RELIEF REQUESTED

Plaintiff respectfully requests:

1. A declaration that the June 4, 2014 custody order is void ab initio.
2. Injunctive relief prohibiting enforcement of the void order.
3. Injunctive relief prohibiting court personnel from misrouting civil filings.
4. Reassignment of all related state proceedings to neutral officers.
5. Compensatory and punitive damages.
6. Expedited discovery limited to jurisdiction, classification, and docket actions.
7. A jury trial on all issues so triable.
8. All other relief this Court deems just and proper.

Respectfully submitted,
Amy Betts
Plaintiff, Pro Se/Pro Per
litigant.betts.amy@gmail.com

*[signature]* 5/1/25

313 S. East Ave
Kannapolis NC 28083
704-906-2473