# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMY BETTS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )      1:25CV341 |
| | ) |
| STEPHEN BRETT ARMSTRONG, et al., | )<br>)<br>) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Amy Betts' application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Docket Entry 1.) Plaintiff has also filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (Docket Entry 3.) As an initial matter and because Plaintiff seeks IFP status, the undersigned will review the Complaint (Docket Entry 2) to determine whether dismissal is appropriate because it is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The

term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Moreover, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he or she is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Important here, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens–Illinois, Inc. v. Meade,* 186 F.3d 435, 440 (4th Cir. 1999); *accord Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). For

federal question jurisdiction, the Court may exercise jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Questions concerning subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff's Complaint purports to assert subject matter jurisdiction of this Court based upon several "federal questions" surrounding the named Defendants' unfair handling of a child custody matter and Plaintiff's recent attempt to challenge the related state custody order. (*See* Compl. at 1-2.)[1] Specifically, Plaintiff alleges that the New Hanover County District Court unlawfully entered a custody order in June 2014, which is thus "void ab initio." (*Id.* at 2.) Over ten years later and just recently in April 2025, Plaintiff filed a civil action in state court "seeking declaratory relief, asserting constitutional violations, and demanding a jury trial." (*Id.*) Plaintiff alleges that the new civil action was transferred back to family court, misclassified as a custody dispute, and scheduled for hearings. (*Id.*) She asserts that "[t]hese actions constitute administrative obstruction and retaliation[,]" and that her rights to access the courts and procedural due process rights have been violated. (*Id.*) Plaintiff seeks an order declaring the June 2014 custody order void and unenforceable, a

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

prohibition on "court personnel from misrouting civil filings," reassignment of the related state court proceedings to "neutral officers," monetary damages, expedited discovery, and other relief. (*Id.* at 3.)[2]

> 1. <u>Plaintiff's claims are barred under the *Rooker-Feldman* doctrine.</u>[3]

Although Plaintiff purports to allege statutory and constitutional violations (*see id.*), her claims are essentially an attack on the 2014 state custody order, or they otherwise interfere with an ongoing state court matter. As a result, Plaintiff's claims are in part barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). "Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents a federal court from determining that a state court judgment was erroneously entered or taking action that would render a state

---

[2] Plaintiff attempts to bring this action individually and in a "representative capacit[y]" (*see* Compl. at 1); however, "as a pro se litigant, Plaintiff cannot bring a class action." *Bardes v. South Carolina*, No. 1:11CV999, 2013 WL 3864405, at *2 (M.D.N.C. July 24, 2013), *subsequently aff'd as modified*, 554 F. App'x 172 (4th Cir. 2014); *see also Mescall v. Renaissance at Antiquity*, No. 3:23-CV-00332-RJC-SCR, 2023 WL 7490841, at *1 (W.D.N.C. Nov. 13, 2023) ("Defendants correctly argue that a *pro se* plaintiff may not represent other plaintiffs, including in class actions."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

[3] Plaintiff previously filed an action in this Court in July 2015 attempting to challenge the related custody proceedings and naming several of the same defendants in the current action. *See Betts v. Armstrong*, No. 1:15CV613 (M.D.N.C. 2015). Similarly, the Court lacked subject matter jurisdiction of that matter under the *Rooker–Feldman* doctrine. *See Betts v. Armstrong*, No. 1:15CV613, 2015 WL 6395994, at *2 (M.D.N.C. Oct. 22, 2015), *report and recommendation adopted*, No. 1:15CV613, 2016 WL 1700406 (M.D.N.C. Apr. 27, 2016).

court judgment ineffectual. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202-03 (4th Cir. 1997) (citing *Ernst v. Child and Youth Servs.,* 108 F.3d 486, 491 (3d Cir.1997)). The doctrine also bars lower federal courts from addressing issues that are " 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler*, 129 F.3d at 731 (internal quotation marks and citation omitted).

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The relief sought in federal court must "reverse or modify the state court decree" for the doctrine to apply. *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (internal quotation marks omitted). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (footnote omitted).

Here, Plaintiff primarily seeks to void and find unenforceable a state court custody order. (*Id.* at 3; *see also* Docket Entry 2-1 at 6-7.)[4] Plaintiff clearly "seeks redress for an injury caused by [a] state-court decision." *See Davani*, 434 F.3d at 719. To the extent Plaintiff seeks redress for the alleged malicious or fraudulent acts of Defendants,[5] any such relief is so "inextricably intertwined" with the state court decisions that it would require this Court to reconsider prior state court decisions to determine whether they were properly decided. *See Dye v. Hatfield*, No. CIV.1:03CV01077, 2004 WL 3266029, at *5 (M.D.N.C. Aug. 26, 2004) *aff'd,* 122 F. App'x 649 (4th Cir. 2005). As in *Dye*, a ruling in favor of Plaintiff "would necessarily require this court to find that the North Carolina state courts either wrongly decided certain issues before them or improperly entered orders and judgments against Plaintiff [ ] in civil and criminal matters related to Plaintiff['s] domestic dispute[s]." *Id.* "Furthermore, federal courts typically avoid decisions in matters related to divorce, child support, and child custody because these matters traditionally fall within the jurisdiction of state courts." *Id.* Here, Plaintiff's claims "appear to be nothing more than a collateral attack on decisions of the North Carolina state courts in civil and criminal matters related to . . . parental rights and legal obligations for the care, custody, and support" of Plaintiff's child. *Id.* at 3. Thus, to the extent Plaintiff's claims involve any past state court decisions or matters inextricably intertwined with those decisions, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

---

[4] This is also apparent given Plaintiff's request in her emergency motion for injunctive relief. (*See* Docket Entry 3.)

[5] *See e.g.*, Compl. at 2 ("The original custody order has been used repeatedly to justify arrest and interfere with Plaintiff's parental rights.").

6

2. <u>The Court should abstain under the *Younger* abstention doctrine.</u>

Moreover, to the extent that Plaintiff is involved in ongoing state court proceedings and Plaintiff seeks relief related to such proceedings, the Court should abstain under the *Younger* abstention doctrine. "The *Younger* abstention doctrine is an exception to the general rule that federal courts must decide cases within their jurisdiction." *Dawkins v. Staley*, No. 1:22-CV-299, 2023 WL 1069745, at *3 (M.D.N.C. Jan. 27, 2023) (citing *Younger v. Harris*, 401 U.S. 37, (1971); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–04 (1975)). The *Younger* abstention encompasses specific types of proceedings, one of which mirrors the instant action, *see Gordon v. Croutch*, No. 1:20-CV-00801, 2021 WL 5238209, at *4 (S.D.W. Va. Jan. 20, 2021) ("The *Younger* abstention has been extended to civil litigation brought by the state to vindicate its policies . . . [and] includes child-welfare and child-custody proceedings."). It is warranted in circumstances when there is "(1) 'an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) . . . provide[s] an adequate opportunity to raise [federal] challenges.'" *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013).

Here, some of Plaintiff's requests for relief (for example, controlling state court case designation/assignments and expediting discovery) seek to have this Court intervene in ongoing state judicial proceedings. Thus, this Court should abstain from adjudicating Plaintiff's claims as "a ruling in Plaintiff's favor in this case would call into question the validity of the state court proceedings and would significantly interfere with those ongoing state proceedings." *Fulmer v. South Carolina*, No. 1:22-CV-4178-MGL-JDA, 2022 WL 18135241, at *4 n.2 (D.S.C. Dec. 2, 2022), *report and recommendation adopted sub nom. Fulmer v. S.C. Cnty. of Aiken*, No. CV 1:22-4178-MGL, 2023 WL 112754 (D.S.C. Jan. 5, 2023).

Indeed, "Plaintiff[ ] ha[s] an adequate state forum in which to pursue [any viable] federal constitutional claims[,]" *C.C.S. v. Child Protective Servs. of Orange Cnty.*, No. 1:11CV81, 2011 WL 1325125, at *2 (M.D.N.C. Apr. 7, 2011), and she fails to show that an exception to the *Younger* abstention applies. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 151 (4th Cir. 2024) ("[T]here are a few carefully limited circumstances where a district court may disregard *Younger's* otherwise-ironclad mandate." (internal quotations omitted)). Accordingly, the undersigned also finds that the *Younger* abstention doctrine deprives this Court of subject matter jurisdiction and provides further grounds for dismissal of this case. *See Johnson v. Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *7-9, *14 (M.D.N.C. Nov. 21, 2016) (concluding *Younger* abstention applicable and therefore finding frivolous claims for injunctive and declaratory relief regarding ongoing state custody proceedings), *subsequently aff'd*, 693 F. App'x 219 (4th Cir. 2017); *Poole v. Poole*, No. 7:21-CV-78-D, 2022 WL 22607615, at *5 (E.D.N.C. Feb. 24, 2022) (same).[6]

---

[6] Even if the *Younger* and *Rooker-Feldman* doctrines did not bar this action, Plaintiff's Complaint suffers from other deficiencies. For example, Plaintiff brings suit against a North Carolina district court judge (Judge Melinda Crouch) who would be entitled to absolute immunity here based upon the nature of Plaintiff's allegations. *See In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008) ("Judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims."); *Johnson*, 2016 WL 6839410, at *3 ("[A]s each of Plaintiff's allegations concern the Judge Defendants' judicial acts, even if their judicial orders involved ex parte communications and/or denied Plaintiff due process, judicial immunity would still apply."); *Archer v. Cabarrus Cnty. Courthouse*, No. 1:24CV531, 2025 WL 1103993, at *9 (M.D.N.C. Apr. 14, 2025) ("Judicial immunity applies broadly to judicial officers' judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (internal citations and quotations omitted)). Further, quasi-judicial immunity bars the claims against Defendant Lyndsay Richardson as the court coordinator. *Johnson*, 2016 WL 6839410, at *4. Finally, Plaintiff's claims under Sections 1983, 1985, 1986, and other statutory provisions fail to state a claim upon which relief may be granted as the allegations in the Complaint are vague, conclusory, and otherwise present no factual support for such claims. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short

8

Case 1:25-cv-00341-TDS-JLW   Document 7   Filed 05/05/25   Page 8 of 10

3. <u>Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction</u>

Plaintiff's motion for injunctive relief seeks to "prevent the ongoing enforcement of a void custody order and unconstitutional obstruction of access to court." (Docket Entry 3 at 1.) Plaintiff states that this motion is supported by the Complaint, (*id.*); therefore, it is largely based on the same factual underpinnings in the Complaint and as described above. In light of the undersigned's conclusion regarding application of the *Rooker-Feldman* and *Younger* abstention doctrines, Plaintiff's motion seeking injunctive relief should be denied as moot.

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

---

and plain statement of the claim showing that the pleader is entitled to relief"); *Johnson*, 2016 WL 6839410, at *4 n.3 (explaining "all three subsections of Section 1985 require proof of a particular species of conspiracy" and Section 1986's dependency of Section 1985); *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (Fourth Circuit "specifically reject[ing] section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts"); *Dawkins*, 2023 WL 1069745, at *6 ("A well-pleaded complaint . . . must offer more than 'labels and conclusions,' or 'naked assertions devoid of further factual enhancement.'"(citing *Iqbal*, 556 U.S. at 678)); *Poole*, 2022 WL 22607615, at *6 ("[P]laintiff fails to allege the specific circumstances surrounding this alleged misconduct or indicate the legal claims arising from it."); *Murphy v. Goff*, No. 6:10-CV-00026, 2010 WL 2292130, at *5 (W.D. Va. June 7, 2010) ("Plaintiffs' conclusory allegations and naked assertions of harm are insufficient to state a claim on which relief may be granted.").

**IT IS FURTHER RECOMMENDED** that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry 3) be **DENIED** as moot.

/s/ Joe L. Webster
United States Magistrate Judge

May 5, 2025
Durham, North Carolina