IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AMY BETTS, individually and on )
behalf of all other similarly )
situated, )
 )
 Plaintiff, )
 )
 v. ) 1:25CV341
 )
STEPHEN BRETT ARMSTRONG, et al., )
 )
 Defendants. )

## ORDER

On May 5, 2025, the Order and Recommendation of the United States Magistrate Judge was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). Plaintiff objected to the Recommendation. (Doc. 11.) Plaintiff also filed Plaintiff's Motion to Supplement Verified Complaint Under Rule 15(d) (Doc. 9) and Notice entitled "Plaintiff's Notice of Supplemental Evidence in Support of Emergency Motion for Temporary Restraining Order" (Doc. 10).

The court finds that Plaintiff's Motion to Supplement Verified Complaint Under Rule 15(d) fails to cure the jurisdictional defects noted in the Recommendation. It fails to comply with Local Rule 15.1 by failing to attach a proposed amended complaint. Her attachment of her "Notice of Supplemental Filing" (Doc. 9 at 3) only provides a summary of what she purports to file. However, any amendment would be futile. The Fourth Circuit has

interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted); Foman v. Davis, 371 U.S. 178, 182 (1962) (same). A claim may be futile "if the proposed change advances a claim or defense that is legally insufficient on its face," in which case "the court may deny leave to amend." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil, § 1487, at 637 (1991)) (alterations adopted); see Joyner v. Abbott Labs, 674 F. Supp. 185, 190 (E.D.N.C. 1987) (same). Thus, "[a] motion to amend a complaint is futile 'if the proposed claim would not survive a motion to dismiss.'" Pugh v. McDonald, 266 F. Supp. 3d 864, 866 (M.D.N.C. 2017) (quoting James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). Here, she premises her "Count VII" on a "facially void custody order and unlawful retroactive jurisdictional justification using UCCJEA." (Doc. 9 at 3.) That claim would be futile for the same reasons explained by the Recommendation.

The court has carefully reviewed Plaintiff's supplemental filings and the portions of the Magistrate Judge's report to which objection was made and has made a *de novo* determination in accord

with the Magistrate Judge's report. The court finds that the filings and objections do not change the substance of the Magistrate Judge's Recommendation, and the court therefore adopts the Recommendation.

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is DENIED AS MOOT.

/s/   Thomas D. Schroeder<br>United States District Judge

May 19, 2025

3

Case 1:25-cv-00341-TDS-JLW   Document 12   Filed 05/19/25   Page 3 of 3